UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LIONEL AND TAMMY ALFORD, AS
CO-TRUSTEES OF THE LIONEL D.
ALFORD, JR. AND TAMMY NIX
ALFORD REVOCABLE TRUST,

    Plaintiffs,

v.                                                      Case No. 3:16cv362-MCR-CJK

WALTON COUNTY, A POLITICAL
SUBDIVISION OF THE STATE OF
FLORIDA,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on referral from the district judge for a report and recommendation on Plaintiffs' Motion for Award of Attorney's Fees and Untaxed Costs (doc. 77). Plaintiffs brought this matter pursuant to 42 U.S.C. § 1983 and Florida law, seeking in Count I of their second amended complaint declaratory and injunctive relief for an alleged First Amendment violation based on a county

ordinance forbidding certain obstructions on beaches.[1]  The district judge granted summary judgment in plaintiffs' favor on Count I, dismissed Counts II and III as moot, and declined to exercise supplemental jurisdiction over Count IV, as to which cross motions for summary judgment were pending.  *See* doc. 73.  Plaintiffs filed a motion for clarification, *see* doc. 75, asking the court to exercise diversity jurisdiction over Count IV.  The court granted the motion, *see* doc. 76, acknowledging plaintiffs had pled diversity jurisdiction and advising it would promptly enter an order vacating the dismissal of Count IV and addressing the outstanding arguments regarding that claim.

Plaintiffs then filed the instant motion for attorneys' fees and costs (doc. 77), along with a bill of costs (doc. 78).  Defendant initially conceded plaintiffs were prevailing parties for purposes of Count I and thus entitled to attorneys' fees.  *See* doc. 79.  Defendant, however, requested that the court defer ruling on the matter until the parties' cross motions for summary judgment were resolved.  *See* doc. 79.  Defendant also disputed the requested costs.

---

[1] In Count II, plaintiffs asserted a substantive due process violation stemming from the same ordinance.  In Count III, they alleged a conflict with other state statutes.  And in Count IV, they challenged another ordinance under state law.

Case No. 3:16cv362-MCR-CJK

As indicated, the district judge entered an order (doc. 85) vacating its prior order. The district judge granted summary judgment in favor of plaintiffs on Count I, dismissed Counts II and III as moot, and granted summary judgment in favor of defendant on Count IV. The district judge also vacated the clerk's taxation of costs, finding there was "no clear prevailing party," *see* doc. 85, but referred the motion for attorney's fees to the undersigned. *See* doc. 87.

Following the amended order, defendant filed a supplemental response to plaintiff's motion for attorney's fees and costs (doc. 88), arguing there was no prevailing party for purposes of 42 U.S.C. § 1988, as both parties prevailed on certain counts of plaintiffs' second amended complaint. Plaintiffs responded, *see* doc. 89, maintaining they were entitled to attorney's fees and costs because they prevailed on Count I.

Plaintiffs thereafter appealed the district judge's order granting summary judgment in favor of defendant on Count IV. *See* doc. 90. The undersigned entered an order (doc. 95) staying the motion for attorney's fees and costs pending appeal. The Eleventh Circuit issued its mandate on June 27, 2018, remanding the matter with instructions for the district judge to vacate the portion of its order regarding Count IV. *See* doc. 96. During the pendency of the appeal, the Florida Legislature passed

legislation invalidating the ordinance challenged in Count IV, thereby mooting plaintiffs' claim.  On remand, the district judge entered an order (doc. 97) finding Count IV moot and otherwise affirming her prior ruling.  The district judge again referred the matter to the undersigned for resolution of the attorney's fee motion and lifted the stay the undersigned previously entered.  *See* doc. 99.

Pursuant to 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce a provision of section[] 1983 of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." *Id.*  "It is well-settled that a plaintiff is a prevailing party and thus ordinarily entitled to a fee award of 'some kind' if the plaintiff has succeeded on 'any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Church of Scientology Flag Serv., Org., Inc., v. City of Clearwater*, 2 F.3d 1509, 1513 (11th Cir. 1993) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

> "[A]t a minimum, to be considered a prevailing party within the meaning of § 1988 the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant . . . The touchstone of the prevailing party inquiry [therefore] must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute. Where such a change has occurred, the degree of the plaintiff's overall success goes to the

Page 5 of 7

> reasonableness of the award under *Hensley*, not to the availability of a fee award *vel non*. . . ."

*Id.* (*quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989)).

"Although the decision to award attorney's fees under § 1988 is within the discretion of the district court, attorney's fees generally should be awarded to prevailing plaintiffs absent special circumstances." *Doe v. Busbee*, 684 F.2d 1375, 1378 (11th Cir. 1982). Indeed, "[a]wards of attorney fees are an integral part of the remedies necessary to obtain compliance with the civil rights laws." *Price v. Pelka*, 690 F.2d 98, 101-02 (6th Cir. 1982) (citation omitted). Moreover, "a party need not obtain relief on every claim or legal theory it propounds in order to be considered 'prevailing' under a fee-shifting statute." *Jean v. Nelson*, 863 F.2d 759, 766 (11th Cir. 1988). Instead, the plaintiff must only prove "'entitlement to *some* relief on the *merits* of his claims, either in the trial court or on appeal. He or she need not prevail on all legal issues.'" *Id.* (*quoting Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980) (emphasis in original)).

Here, plaintiffs have "met the threshold requirement of 'prevailing party' status," as they prevailed on Count I of their second amended complaint, affecting the parties' legal relationship. *Church of Scientology*, 2 F.3d at 1513. Indeed, the district

judge found a portion of the ordinance challenged in Count I facially unconstitutional and struck the offending language. And defendants have pointed to no special circumstances rendering an award of fees unjust. Accordingly, it is respectfully RECOMMENDED:

    1.    That Plaintiffs' Motion for Award of Attorney's Fees and Untaxed Costs (doc. 77) be GRANTED.

    2.    That plaintiffs be allowed thirty (30) days from the date of the order adopting this Report and Recommendation in which to submit materials in support of their attorney's fee request, pursuant to Local Rule 54.1, as well as any additional materials in support of their request for costs.

    3.    That defendant be allowed thirty (30) days thereafter in which to respond.

    4.    That, following submission of the Rule 54.1 and any additional cost materials, the parties be required to confer in a good-faith effort to resolve the dispute and file a notice of whether they reached an agreement within fourteen (14) days after submission of defendant's response.

At Pensacola, Florida this 4th day of September, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:16cv362-MCR-CJK